JOHN L. McCAULAY, as Survivor, etc., Respondent, *v.* JOSEPH R. PALMER, Appellant.

*Contempt— an order must be served on a defendant personally to render him guilty of a contempt by his failure to comply with it.*

Upon this appeal from an order directing an attachment to issue to bring the defendant before the court to answer for his alleged disobedience to orders requiring him to appear and be examined before trial, it appeared that upon

the return day of the first order the defendant appeared and moved to have the application dismissed; that the court did not decide the motion until November 14, 1885, when it denied it and made an order requiring the defendant to appear on November 19, 1885, for examination, pursuant to the first order. This second order was served upon the defendant's attorney, but not upon the defendant himself.

*Held,* that in the absence of proof showing a service of the order upon the defendant personally, he could not be adjudged guilty of a contempt for failing to comply with it.

APPEAL from an order directing an attachment to be issued to bring the defendant before the court, to answer for his alleged disobedience of orders requiring him to appear and be examined as a witness at the instance of the plaintiff, before trial.

*G. Zabriskie,* for the appellant.

*L. Laflin Kellogg,* for the respondent.

DANIELS, J. :

Upon the return day of the order directing the defendant to appear and submit to an examination as a witness, an application was made in his behalf to dismiss it. The motion for that purpose was not then decided, but it was retained by the justice presiding at the court under consideration from the 6th to the 14th of November, 1885. On the last day mentioned the motion was denied and an order was then made requiring the defendant to appear on the 19th of November, 1885, pursuant to the preceding order for his examination. It has been affirmed, in behalf of the plaintiff, that he did not appear personally at the time when the motion was made to vacate the first order. But the correctness of this statement was controverted by his attorney, in whose affidavit it is stated that he was personally present in court at the time when by the first order he was required to appear. It is not, however, necessary to decide whether he was personally present at that time or not, for he was not then required to be examined. Neither was his default taken for omitting to appear if he was not in fact present. And when the second order was made a different time was necessarily designated when he was required to appear and submit to the examination. This second order was served upon his attorneys but it was not served upon him, and it was made in part

the foundation of the order from which the appeal has been taken directing the issuing of the attachment. That order depends, therefore, upon the second order made in the proceeding and upon the defendant's failure to comply with the direction contained in it requiring him to appear on the nineteenth of November. And as he is not shown to be in contempt for the violation of the direction contained in the second order, the direction for the issuing of the attachment in the order from which the appeal has been taken cannot be sustained.

To bring a party into contempt it is the practice of the court to require the order which he is charged with violating to be served personally upon him. This is to be done by delivering to him a copy of the order and at the same time exhibiting to him the original. The consequences of a contempt are serious, and often severe, in the punishment pronounced by the court, and before a party can be subjected to them a strict compliance with the practice has been required to be observed. The object of the rule is to furnish the individual himself with an ample opportunity to understand the charge made against him, and to prepare to meet it as best he may. It is a sound and salutary rule, for the protection of the party, the observance of which cannot be dispensed with, and it has accordingly been held by the General Term in this Department, that the order the party may be charged with violating must be served personally upon him, before proceedings can be successfully instituted and carried on, to punish him for the contempt arising out of its disobedience. (*Mayer* v. *Noll*, 56 How., 214.)

This rule was not complied with, and the order directing the attachment to issue was unauthorized. To enable the court to make such an order, as it proceeded in part upon each of the other orders, it was necessary to show that the defendant was in contempt for failing to comply with the second order, and that could only be done by making proof of personal service of the order upon him.

The order to show cause why he should not be punished for disobeying the two orders requiring him to appear and be examined, was served upon him at New Brunswick, in the State of New Jersey. This service, under the circumstances, was a substantial nullity, supplying the court with no authority to proceed in any manner upon it. (*Litchfield* v. *Burwell*, 5 How., 341, 346.

As the order directed the attachment to issue, which might have been made without notice, this failure to make legal service of the order to show cause would not probably be very important, if the attachment itself had not been founded in part upon the second order, directing the appearance of the defendant. For the attachment might have been directed without notice to the defendant, as its object was simply to bring him before the court to answer for the alleged contempt. But before it could be issued, the practice required that he should appear to be in contempt. That fact was not established because of the failure to serve the second order personally upon the defendant, and to make proof of such service.

The further appeal from the order denying the application for a resettlement of the order already considered, will, of course, be disposed of on the appeal taken from the order, directing the attachment to be issued.

That order should be reversed, with the usual costs and disbursements, and the attachment should be set aside.

DAVIS, P. J., and BRADY, J., concurred.

Order reversed, with ten dollars costs and disbursements, and attachment set aside.